UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RUDY STANKO,

    Petitioner,

v.

M. CRUZ, Local Director/Warden,
MICHAEL NALLEY, Regional Director, and
HARLEY LAPPIN, Director,

    Respondents.

Civil No. 08-790 (JNE/JJG)

**REPORT AND RECOMMENDATION**

    Petitioner commenced this action by filing an application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

    On March 20, 2008, Petitioner filed a habeas corpus petition that presented claims pertaining to his incarceration by the federal Bureau of Prisons. It appeared to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging the <u>conditions</u> of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was summarily dismissed (without prejudice) pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. (<u>See</u> Order dated March 28, 2008; [Docket No. 3].)

    Petitioner was granted leave to file an amended habeas petition – if he could show that he actually was challenging the fact or duration of his confinement. The Court's order

expressly advised Petitioner that if he did not file an amended petition within twenty days, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b).

Petitioner challenged this Court's prior order, by presenting an "objection and appeal" to the presiding District Court Judge. (Docket No. 5.) The District Court Judge affirmed this Court's prior order, but extended the deadline for filing an amended petition to May 12, 2008. (See Order dated April 18, 2008; [Docket No. 7].)

Petitioner attempted to appeal the District Court Judge's order, but the Eighth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. Petitioner's appeal was dismissed on December 2, 2008. (Docket No. 16.)

The extended deadline for complying with the Court's prior order in this matter expired almost a full year ago, (on May 12, 2008), and Petitioner's attempt to overturn that order in the Court of Appeals was rejected nearly five months ago. To date, however, Petitioner still has not filed an amended habeas corpus petition, nor has he offered any reason to believe that he intends to do so. Indeed, some of Petitioner's submissions seem to confirm that he is not presently challenging the fact or duration of his confinement, which would mean that he could not properly file an amended habeas petition. Therefore, it is now recommended, in accordance with this Court's prior order, (as modified by the District Court Judge's prior order), that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or

any court order."); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing federal court's inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## **RECOMMENDATION**

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: May 4, 2009                                s/ *Jeanne J. Graham*
                                                      JEANNE J. GRAHAM
                                                      United States Magistrate Judge


## **NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 19, 2009**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.